No. 9767. STATE OF MONTANA ex rel. EUGENE NELSON, RELATOR, v. DISTRICT COURT of the FOURTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTIES OF LAKE AND MISSOULA, and the HON-

ORABLE ALBERT BESANCON, and the HONORABLE C. E. COMER, Judges thereof, RESPONDENTS.

304 Pac. (2d) 924.

Decided Dec. 21, 1956.

*Stanley M. Doyle,* Polson, for relator.

*Jay M. Kurtz,* Co. Atty., Missoula, *Jean A. Turnage,* Co. Atty., Polson, *Albert Besancon,* Pro Se, Missoula, for respondent.

Per Curiam.

On petition of the relator, Eugene Nelson, this court caused to be issued to and served upon the respondent courts and judges, an Alternative Writ of Prohibition prohibiting respondents from using certain evidence alleged to have been unlawfully obtained, in the trial of relator in certain criminal actions then pending against him in the respondent Courts, because such evidence is by relator alleged to have been unlawfully obtained, and also ordering that respondents show cause in and before this court on December 21, 1956 at the hour of 10:00 a.m. why respondents should not be absolutely restrained from using any such evidence in the trials of relator.

The respondent, Albert Besancon, on December 20, 1956, filed a duly verified return and answer on behalf of the respondent judges and courts, wherein he alleges that before this court's alternative Writ of Prohibition was served upon the respondents, that he, District Judge Albert Besancon, had vacated the setting of the criminal case pending in Lake County which had been set for trial before a jury for December 10, 1956, and that he had made an order continuing the trial of said cause of action until the next jury term to be called in Lake County, which will be in May, 1957, and that there is no possible chance of Judge Albert Besancon trying said criminal action against the relator for the reason that Judge Besancon's term of office expires on January 6, 1957, and before relator's cause will be called or set for trial, for which reason the respondents move the Alternative Writ of Prohibition so issued by this Court on December 6th be vacated and that this proceeding be dismissed.

On December 17, 1956, the relator, by and through his counsel of record, caused to be filed in this Court a stipulation entered into by and between relator's counsel and the county attorney of Lake County, wherein they represent that said criminal cause, bearing District Court No. 527, pending against the relator, Eugene Nelson, in Lake County has been set over until the next jury term to be had in the said District Court of Lake County; and that the final disposition of said cause No. 527 "which will hereinafter be made * * * will make all questions moot and further proceedings on the Alternative Writ of Prohibition * * * unnecessary."; and further stipulating that subject to the approval of this court "the said Alternative Writ of Prohibition can be dismissed as moot and settled."

It now appearing to the court that at the time set for hearing respondents' return and answer herein no one appeared in this court representing either the relator or the respondents and that no issue is raised or presented by the respondents' return and answer or by the stipulations entered into by relator's counsel and the county attorney;

Now therefore it is ordered that the Alternative Writ of Prohibition and Order to Show Cause heretofore issued out of this Court on December 6, 1956, be, and the same are, dismissed.

The Peremptory Writ is denied and the instant proceedings are dismissed forthwith.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, ANDERSON, DAVIS, and BOTTOMLY, concur.